# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CYRUS HAZARI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-04392-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER AND RE-INSTATE THE STAY**<br><br>[Re: ECF No. 89, 91] |

On March 10, 2025, the Court denied Pro Se Plaintiff Cyrus Hazari's ("Plaintiff") Administrative Motion for Relief by Accommodation for Disabilities. ECF 87. On March 20, 2025, Plaintiff filed a first Motion to Set Aside the Court's Order on March 10, 2025. ECF 89. On March 21, 2025, the Court notified Plaintiff that there was a filing error and directed Plaintiff to refile his motion. On March 23, 2025, Plaintiff refiled his Motion to Set Aside the Court's Order on March 10, 2025. *Compare* ECF 89 *with* ECF 91. The Court construes Plaintiff's motion as a motion seeking reconsideration of the Court's Order on March 10, 2025. *See* ECF 89; ECF 91. After considering Plaintiff's paper and the relevant record, the Court DENIES Plaintiff's motion for reconsideration.

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per

curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

In the Order denying Plaintiff's administrative motion for relief by accommodation for disabilities, the Court considered the parties' papers and their supporting documents, including Plaintiff's medical information. ECF 87 at 2. The Court explained that it granted Plaintiff's prior stay requests because Defendants did not oppose those requests. *Id.* (citing ECF 16, 25, 30, 34, 45, 52, 58, 64, 69, 75). The Court considered Plaintiff's arguments and Defendants' objections and found that there was no basis to continue the stay. *See* ECF 87 at 2. The Court considered Plaintiff's "rapid, prolix filings," and found "the documented disabilities do not impact Plaintiff's abilities to prosecute this case." *Id*.

Plaintiff argues that, in denying his request for relief by accommodation for disabilities, the Court "avoid[ed] the preeminent authorities cited in [his] writings," and failed to "consider the medical information." ECF 89 at 5-6; ECF 91 at 5-6.

Having considered Plaintiff's arguments, the Court DENIES Plaintiff's motion for reconsideration. ECF 89, 91. The Court finds that there is no change in circumstances that warrants a stay of the case. In Plaintiff's motions for reconsideration, Plaintiff has not identified any material change in fact or law that warrants the stay of this case. *See generally* ECF 89; ECF 91. The Court

has also reviewed the new medical information that Plaintiff submitted but finds that information does not justify a stay of the case. *See* ECF 89, Ex. B; ECF 91, Ex. B. The Court finds that Plaintiff again demonstrated his capability of prosecuting this case through the rapid, prolix filings in recent days. *See* ECF 89, 90, 91, 92. The Court hereby DENIES Plaintiff's Motion to Reconsider the Court's Order on March 10, 2025.

The Initial Case Management Conference REMAINS **on May 29, 2025 at 11:00 A.M**. **via Zoom conference**. Plaintiff SHALL file his case management statement **no later than May 22, 2025**. The Court notes that the effort required for participating in the Case Management Conference is far less than what was required for motion for reconsideration.

**IT IS SO ORDERED.**

Dated: March 24, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3