**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CYRUS HAZARI, | Case No. 19-cv-04392-BLF |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION** |
| COUNTY OF SANTA CLARA, et al., | [Re: ECF No. 96, 97] |
| Defendants. | |

On April 10, 2025, Plaintiff filed a Motion to Disqualify the undersigned. ECF 96. On April 11, 2025, the Court notified Plaintiff that there was a filing error and directed Plaintiff to refile his motion. On April 13, 2025, Plaintiff refiled his Motion to Disqualify the undersigned. *Compare* ECF 96 *with* ECF 97. The matter is suitable for decision without a hearing and no response by Defendants is required. Civ. L.R. 7-1(b).

For the reasons below, the Court DENIES the motion.

## I.    BACKGROUND

On March 10, 2025, the Court denied Plaintiff's Administrative Motion for Relief by Accommodation for Disabilities. ECF 87. The Court found Plaintiff's rapid, prolix filings demonstrated that his documented disabilities do not impact his abilities to prosecute this case. ECF 87 at 2. On March 23, 2025, Plaintiff filed a Motion to Set Aside the Court's Order on March 10, 2025. ECF 91. On March 24, 2025, the Court denied Plaintiff's Motion to Set Aside the Court's Order on March 10, 2025. ECF 93. The Court found that Plaintiff again demonstrated his capability of prosecuting this case through the rapid, prolix filings. *See* ECF 93 at 3.

## II.    LEGAL STANDARD

28 U.S.C. § 144 ("Section 144") states that "[w]henever a party to any proceeding in a

United States District Court
Northern District of California

district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Under Section 144, the judge assigned to the case has a duty to proceed no further "[o]nly after the legal sufficiency of the affidavit is determined." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). "The judge against whom such an affidavit is filed cannot pass on the truth or falsity of the facts as stated in the affidavit." *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

28 U.S.C. § 455 ("Section 455") states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) states that the judge "shall also disqualify [her]self . . . [w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The same substantive standard applies to each subsection.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1) . . . [and] section (b)(1) simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a).").  This standard is an objective one and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005)).  The Ninth Circuit has acknowledged "that section 455(a) claims are fact driven, and as a result, the analysis of a particular section 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Clemens*, 428 F.3d at 1178 (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir.1999)). "[A] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as [she] does to recuse when the law and facts require.'"  *Id.* at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).  "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. C-07-00915-JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007).

United States District Court
Northern District of California

### III.    DISCUSSION

In requesting disqualifications, Plaintiff claims that a judge "may not preside in any case that involves a disabled litigant, or any question of disability or treaty or human rights, pending the determination resulting from an independent investigation according to authorities recognized by the US Constitution and original federal common law . . ." ECF 96 at 2 (citing United Nations Istanbul Protocol); ECF 97 at 2 (same).  Plaintiff bases his request for disqualification on his disagreement with the denial of his request to further stay this 6-year-old case. ECF 96 at 33; ECF 97 at 33. Plaintiff argues that the Court should not have denied his request for stay based on his "serious illness, which hold him under substantial incapacity." ECF 96 at 33; ECF 97 at 33.

Having considered Plaintiff's arguments, the Court finds that Plaintiff has not demonstrated that disqualification is warranted under either Section 144 or Section 455. The Court finds that Plaintiff's motion is based on his disagreement with the Court's order denying his request to stay this case. *See* ECF 96 at 33; ECF 97 at 33; ECF 87; ECF 90. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Holland*, 519 F.3d at 914 ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)."). Indeed, after the Court notified Plaintiff that there was a filing error in his first mammoth, 109-page brief, Plaintiff was able to file a second 125-page brief within two days. *See* ECF 96, 97. This is further clear evidence that Plaintiff's disability does not interfere with his ability to prosecute this case. Because Plaintiff has failed to meet his burden to show that the undersigned is biased or prejudiced, or that her impartiality might reasonably be questioned, the Court DENIES Plaintiff's motion for disqualification.

The Court finds that Plaintiff's first 109-page motion at ECF 96 and second 125-page motion at ECF 97 violate the Civil Local Rule and this Court's Standing Order on page limitations. *See* Civ. L.R. 7-11; Standing Order re Civil Cases, § IV.A.1. Any future non-compliance with those rules will result in striking papers. To the extent Plaintiff's motion at ECF 96 is filed as a response to Defendants' motion to dismiss Plaintiff's complaint at ECF 25, the Court will consider up to 25 pages of the relevant portion. All footnotes on those pages are stricken pursuant to this Court's Standing Order, § IV.F.

**IV.    ORDER**

 For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to disqualify the undersigned is DENIED.


Dated: April 14, 2025

                 _____
                 BETH LABSON FREEMAN
                 United States District Judge

United States District Court
Northern District of California