# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CYRUS HAZARI,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 19-cv-04392-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 90, 92] |

Before the Court are Plaintiff's administrative motions to file under seal, filed in connection with his motion to set aside order. ECF 90, 92. Defendants did not submit any response to Plaintiff's motions. Having reviewed Plaintiff's submissions and applicable sealing law, the Court GRANTS Plaintiff's requests to seal.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less

1  restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).

2  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79- 5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. Id. Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

**II.    DISCUSSION**

Because the motion to seal pertains to a motion for relief from a nondispositive pretrial order, the Court will apply the "good cause" standard. *See Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690, 2022 WL 1143360, at *1 (N.D. Cal. Mar. 31, 2022).

The material under consideration for sealing concerns health information that Plaintiff has deemed confidential. *See* ECF 90, 92. The Court finds that Plaintiff has established compelling reasons to seal information that would reveal confidential information about his health. *See California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (finding compelling reasons to seal personal health information of patients). Additionally, the Court finds Plaintiff's sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

Accordingly, the Court GRANTS Plaintiff's requests to file under seal the exhibits at ECF 90 and ECF 92.

//

//

**III.     ORDER**

For the foregoing reasons, the Court ORDERS the exhibits filed at ECF 90 and ECF 92 to remain under seal.

Dated:  April 16, 2025

_____
BETH LABSON FREEMAN
United States District Judge