**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CYRUS HAZARI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-04392-BLF<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF No. 102, 103, 104] |

On May 20, 2025, Plaintiff Cyrus Hazari ("Plaintiff"), proceeding *pro se*, filed a motion for a temporary restraining order requesting the Court to stay all proceedings in this case for a year. *See* ECF 102 at 2; ECF 103; ECF 104. The Court has reviewed Plaintiff's papers and concludes no response from Defendants is required. For the reasons discussed below, Plaintiff's motion is DENIED.

**I.    LEGAL STANDARD**

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than

likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## II. DISCUSSION

The Court finds that Plaintiff has failed to meet his burden to demonstrate that he is likely to succeed on the merits. The issue of further stay was recently decided against Plaintiff. *See* ECF 87. The Court also denied Plaintiff's request to set aside its Order denying the further stay. *See* ECF 93. Plaintiff's motion for a temporary restraining order is essentially a second attempt at reconsideration. Additionally, in recognizing Plaintiff's medical issues, Defendants' pending Motion to Dismiss has been taken under submission without a hearing and the Case Management Conference has been set by video conference. *See* ECF 101.

This case is almost 6 years old. It is time to adjudicate it on the merits.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Cyrus Hazari's Motion for a Temporary Restraining Order is DENIED.

Dated: May 20, 2025

                                                                           _____
                                                                           BETH LABSON FREEMAN
                                                                           United States District Judge