UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYRUS HAZARI,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No.  19-cv-04392-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 94] |

Before the Court is Defendant County of Santa Clara's ("County") Motion to Dismiss Plaintiff's Complaint. ECF 94 ("Mot."). On April 10, 2025, *pro se* Plaintiff Cyrus Hazari ("Plaintiff") filed a 109-page document entitled "Disqualification" at ECF 96 which the Court deemed to contain objections to the Motion to Dismiss. ECF 96 ("Opp."). On April 14, 2025, the Court ordered that it would consider up to 25 pages of the relevant portion of Plaintiff's motion at ECF 96. ECF 98 at 2. On April 17, 2025, the County filed a reply. ECF 100 ("Reply"). On May 19, 2025, the Court deemed that the matter is suitable to be determined without oral argument and vacated the hearing scheduled for May 29, 2025. ECF 101.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART the County's Motion to Dismiss.

**I.   BACKGROUND**

For purposes of this motion, the Court accepts as true all well-pled facts in Plaintiff's Complaint. ECF 1 ("Compl.").

Plaintiff owns the property located at 5320 Felter Road, San Jose, CA ("Property"). Compl. at 5 ¶ 1. Plaintiff purchased the Property in 1998. *Id.* ¶ 40. The Property contained a single-story residential structure that was damaged by fire in 1997. *Id.* ¶ 34. Plaintiff intended to improve the

property over time. *Id.* ¶ 47. Plaintiff contends that the County prevented him "from making any repairs or improvements to the structure." *Id.* ¶ 41. Plaintiff states that County staff concealed various documents related to the Property since his purchase, including a residential building permit, a grading permit, and two folders containing information for the Property. *Id.* ¶ 53. Plaintiff also contends that County employees engaged in "habitual corruption and waste" that made his application process "costly and burdensome." *Id.* ¶¶ 54-55.

Plaintiff alleges that County personnel engaged in "harassment, coercion, and intimidation" against him. *Id.* ¶¶ 68-69. Plaintiff alleges that County staff (1) fraudulently accused Plaintiff of violating weed abatement ordinances, *id.* ¶¶ 68-69; (2) wrongfully accused him of violating an ordinance for "grad[ing] a 'switchback road' on his property," *id.* ¶ 88; (3) trespassed on the Property and threatened Plaintiff with "consequences" for parking "inoperative vehicles" on "undeveloped land", *id.* ¶ 124; (4) inhibited Plaintiff's use of the Property by prohibiting Plaintiff from leasing the land for grazing livestock, *id.* ¶ 129; (5) demanded Plaintiff "demolish" the single-story residential structure or "obtain a permit for it," *id.* ¶ 134; and (6) interfered with a septic system installation contract, *id.* ¶¶ 160-66. Plaintiff contends this pattern of treatment amounted to "long-term prejudice and discrimination against Plaintiff and his property." *Id.* ¶ 212.

On July 31, 2019, Plaintiff brought this lawsuit against Defendants the County, Board of Supervisors of the County of Santa Clara, Steve Brooks, Zachary Carter, Dennis Contra, Gary Flagg, Kirk Girard, Michael Harrison, Moe Kumre, Ray Moreno, Brian Rosa, John Toth, Caroly Walsh, and Jack Zog. Compl. at 1-3 ¶¶ 1-15. In the Complaint, Plaintiff asserts the following claims against Defendants: 1) equal protection; 2) due process; 3) fraud; 4) RICO; 5) trespass; 6) nuisance; 7) conspiracy; 8) negligent misrepresentation; 9) vandalism; 10) personal injury; 11) interference; 12) inverse condemnation; 13) discrimination; 14) emotional distress; 15) negligence; 16) estoppel; 17) defamation; and 18) statutory violations. Compl. ¶¶ 276-93.

Between February 25, 2020 and March 10, 2025, the Court granted ten unopposed Administrative Motions for Relief by Accommodation for Disabilities and stayed the case during that time. *See* ECF 16, 25, 30, 34, 45, 52, 58, 64, 69, 75. In response to Plaintiff's February 22, 2025, request for further stay, Defendant County objected. ECF 78. On March 10, 2025, the Court

denied Plaintiff's Motion for Relief Accommodation for Disabilities at ECF 76 and lifted the stay. ECF 87.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask a plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court should liberally construe the pleadings of *pro se* plaintiffs. *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988). However, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014).

In deciding whether to grant leave to amend following dismissal, or pursuant to Federal Rule of Civil Procedure 15(a), the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the Foman factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party that carries the greatest weight. *Id.* Moreover, the proposed addition of new claims unrelated to the claims and defenses in the original complaint may be grounds for denial leave to amend. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)

1  (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly altered the nature of the litigation" and required defendants to undertake "an entirely new course of defense"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts").

### III. REQUEST FOR JUDICIAL NOTICE

The County requests that the Court take judicial notice of four exhibits. ECF 95 at 1-2. Exhibit 1 is Plaintiff's claim against the County dated December 19, 2018, and additional exhibits. ECF 95-1. Exhibit 2 is the County's Return Without Action from the County to Plaintiff dated January 25, 2019. ECF 95-2. Exhibit 3 is Plaintiff's Application for Leave to File Late Claim from Plaintiff to the County dated April 2, 2019. ECF 95-3. Exhibit 4 is the County's Denial of Plaintiff's Application for Leave to File Late Claim dated May 10, 2019. ECF 95-4. Plaintiff does not oppose the County's request. *See* Opp. at 1-25.

Federal Rule of Evidence 201 provides that the Court may take judicial notice of a fact if it (1) "is generally known within the trial court's territorial jurisdiction;" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201. Here, the four exhibits are related to Plaintiff's invocation of the California Tort Claims Act and the County's motion to dismiss. *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 812 (N.D. Cal. 2019) (granting judicial notice of documents because the documents were related to plaintiff's invocation of the Government Tort Claims Act for his claims against the city defendant). Accordingly, the Court GRANTS the County's request to take judicial notice of the four exhibits.

### IV. DISCUSSION

#### A. Plaintiff Has Failed to Adequately Plead His Claims (All Claims)

The County argues that Plaintiff has failed to allege facts that "serve as the basis" for the asserted causes of action. Mot. at 7. Plaintiff has not advanced any argument as to how he has adequately pled any of his claims. *See* Opp. at 1-25.

The Court finds that the County's motion to dismiss demonstrates that Plaintiff's complaint fails to state any claim that would meet the standards under Fed. R. Civ. P. 8(a) and *Iqbal/Twombly*.

4

Plaintiff has failed to allege how the facts in the Complaint serve as the basis for any of his causes of action, and he has failed to allege which claims pertain to which Defendants. Plaintiff acknowledges that the Complaint is "incomplete" and that he "intend[s] to modify this complaint at a later date . . . to correct its substantial deficiencies and state more fully [his] causes of action and request for relief." Compl. at 5 ¶ 28.

Accordingly, the Court GRANTS Defendants' motion to dismiss.

**B. Claims Brought Under 42 U.S.C. § 1983 (First and Second Causes of Action)**

As to Plaintiff's first and second causes of action, Plaintiff asserts "equal protection" and "due process" claims against all Defendants. *Id.* ¶¶ 276-77. The Court construes Plaintiff's claims as brought under 42 U.S.C. § 1983 ("§ 1983") for deprivation of his constitutional rights under the equal protection clause of the Fourteenth Amendment and the due process clause of the Fifth and Fourteenth Amendments. The County argues that Plaintiff has failed to connect his "due process" and "equal protection" claims to the alleged conduct by County staff. Mot. at 8. The County further argues that Plaintiff has failed to describe which of his constitutionally protected rights were infringed by which County staff. *Id*. Plaintiff does not address the County's argument. *See* Opp. at 1-25.

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that: "(1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes." *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)). A plaintiff also must allege that the deprivation of rights is proximately caused by defendants' conduct. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Here, Plaintiff only asserts claims of "equal protection" and "due process." Compl. ¶¶ 276-77. Plaintiff has failed to allege any relationship between these legal claims and the myriad factual allegations that precede the tersely described claims. Plaintiff has also failed to allege any connection between his asserted claims and the alleged conduct of the County staff. Accordingly, the Court GRANTS the County's motion to dismiss Plaintiff's "equal protection" and "due process" claims.

5

**C. RICO Claim Under 18 U.S.C. § 1959 (Fourth Cause of Action)**

As to Plaintiff's fourth cause of action, Plaintiff asserts a claim of "RICO." Compl. ¶ 279. The Court construes Plaintiff's claim as brought under 18 U.S.C. § 1959 for a Racketeer Influenced and Corrupt Organizations ("RICO") Act violation. The County argues that "Plaintiff comes nowhere near stating" a RICO violation. Mot. at 8 n.1. Plaintiff does not address the County's argument. *See* Opp. at 1-25.

To state a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn,* 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). With respect to the injury element, a plaintiff "must show proof of concrete financial loss." *Ove*, 264 F.3d at 825. Plaintiffs also must satisfy the causation element by demonstrating that the defendants' conduct "directly and proximately caused the alleged injury." *Id.*

Here, Plaintiff has not explained how the RICO Act applies in this case. Plaintiff has failed to allege any fact meeting the above requirements. Accordingly, the Court GRANTS the County's motion to dismiss Plaintiff's "RICO" claim.

**D. State Law Claims**

First, the state law claims fail for the same pleading deficiencies as Plaintiff's federal claims. Plaintiff has failed to allege facts demonstrating that each named Defendant has committed acts supporting each of the essential elements of those claims.

The County further argues that Plaintiff's state law claims should be dismissed with prejudice because Plaintiff failed to comply with the California Tort Claims Act ("CTCA"). Mot. at 9-10. The County argues that Plaintiff failed to timely file a late claim as required pursuant to California Government Code Section 911.4. Mot. at 9. Plaintiff does not address the County's argument. *See* Opp. at 1-25.

The CTCA provides that a lawsuit for "money or damages" against a public entity can be brought only after "a written claim has been presented to the public entity and the claim either has been acted upon or is deemed to have been rejected." *Hart v. Alameda Cnty.*, 76 Cal. App. 4th 766, 778, 90 Cal. Rptr. 2d 386, 393 (1999) (citing Cal. Gov. Code. §§ 905, 945.4). For a claim relating

to a cause of action for injury to personal property, the claim must be filed "not later than six months after the accrual of the cause of action." Cal. Gov. Code. § 911.2. If a claim is not timely filed within six months after the accrual of the cause of action, "a written application may be made to the public entity for leave to present that claim." Cal. Gov. Code. § 911.4(a). The written application shall be presented to the public entity "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reasons for the delay in presenting the claim." Cal. Gov. Code. § 911.4(b). If an application for leave to present a claim is denied, a petitioner can petition a superior court "for an order relieving the petitioner from Section 945.4." Cal. Gov. Code. § 946.6. "If a claimant fails to timely file a claim with the public entity, and its claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1173 (E.D. Cal. 2005) (citing *Greyhound Lines, Inc. v. County of Santa Clara,* 187 Cal.App.3d 480, 487 (1986)). Plaintiff has the burden of pleading compliance with the CTCA in his complaint. *See Wood v. Riverside General Hospital*, 25 Cal. App. 4th 1113, 1119 (1994).

In the Complaint, Plaintiff alleges that he "has complied with claims presentation requirements of applicable law." Compl. ¶ 267. Plaintiff seeks declaratory relief, monetary damages, and injunctive relief for his claims. *Id.* ¶¶ 294-301.

The Court finds that Plaintiff's complaint alleging compliance with the CTCA is contradicted by judicially noticed facts. The judicially noticed fact shows that, on December 19, 2018, Plaintiff served the County a claim pursuant to the CTCA. ECF 95-1 at 2. On January 25, 2019, the County returned Plaintiff's claim without action because "the claim was not presented within the time allowed by law." ECF 95-2 at 2. On April 2, 2019, Plaintiff filed an application for leave to present late claim pursuant to Cal. Gov. Code. § 911.4(a). ECF 95-3 at 2. On April 10, 2019, the County denied Plaintiff's application and informed Plaintiff that he "must first petition [the superior court] for an order relieving [him] from the provisions of Government Code section 945.4" if he "wish to file a court action." ECF 95-4 at 2. Plaintiff did not petition the Superior Court for relief. On July 31, 2019, Plaintiff filed this action. ECF 1 at 1.

The Court finds that it does not have jurisdiction to consider Plaintiff's state law claims to

1  the extent that Plaintiff seeks damages for those claims. After the County denied Plaintiff's
2  application for leave to present late claim, Plaintiff did not petition an appropriate court for relief.
3  Cal. Gov. Code. § 946.6. Accordingly, the Court lacks jurisdiction to hear Plaintiff's state law claims
4  for damages. *See Neveu*, 392 F. Supp. 2d at 1173. Nonetheless, compliance with the CTCA is not
5  required to the extent Plaintiff seeks declaratory relief or injunctive relief for well pled state law
6  claims. Cal. Gov. Code. § 945.4.

7  For the above reasons, the Court GRANTS the County's Motion to Dismiss Plaintiff's state
8  law claims to the extent that those claims seek damages WITHOUT LEAVE TO AMEND and
9  GRANTS the County's Motion to Dismiss Plaintiff's state law claims to the extent that those claims
10 seek declaratory relief or injunctive relief for failure to state a claim WITH LEAVE TO AMEND.

**E.  Service**

12 The Court acknowledges that, in the Case Management Statement at ECF 107, the County
13 asserts that individual Defendants Steve Brooks, Zachary Carter, Dennis Contra, Gary Flagg, Kirk
14 Girard, Michael Harrison, Moe Kumre, Ray Moreno, Brian Rosa, John Toth, Caroly Walsh, and
15 Jack Zog were never served. ECF 107 at 2. The Parties are advised that, while the County contests
16 the adequacy of service on these Individual Defendants, absent a motion to dismiss for failure to
17 serve, the Court cannot take action.

**V.  ORDER**

19 For the foregoing reasons, IT IS HEREBY ORDERED that:
20 (1) The Court GRANTS the County's motion to dismiss all claims on the basis that Plaintiff
21     has failed to adequately plead his claims.
22 (2) The Court GRANTS the County's Motion to Dismiss Plaintiff's state law claims under
23     the California Tort Claims Act to the extent that those claims seek damages WITHOUT
24     LEAVE TO AMEND and GRANTS the County's Motion to Dismiss Plaintiff's state
25     law claims to the extent that those claims seek declaratory relief or injunctive relief
26     WITH LEAVE TO AMEND.
27 Any amended complaint SHALL be filed within ninety (90) days of the date of this Order.
28 Normally, the Court would provide 14 days to amend, but recognizing Plaintiff's medical issues, an

8

extended period of time is provided. Plaintiff is further advised that he must file a "short and plain statement" of each claim, alleging facts supporting each of the essential elements of each claim and clearly set forth facts as to each defendant. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on the record or in this Order will result in a dismissal of the deficient claims with prejudice. Leave to amend is limited to the defects addressed in this Order, and Plaintiff may not add parties or claims without prior leave of the Court.

Dated:  July 1, 2025

_____
BETH LABSON FREEMAN
United States District Judge