UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYRUS HAZARI,<br>        Plaintiff,<br>   v.<br>COUNTY OF SANTA CLARA, et al.,<br>        Defendants. | Case No. 5:19-cv-04392-BLF<br><br>**ORDER DENYING MOTION TO DISQUALIFY AND MOTION FOR CHANGE OF VENUE** |

Before the Court is pro se Plaintiff Cyrus Hazari's combined motion to disqualify the undersigned and motion for change of venue. ECF No. 130 ("Mot."). The matter is suitable for decision without a oral hearing and does not require a response from Defendants. *See* Civ. L.R. 7-1(b). The motion is DENIED.

**I.     BACKGROUND**

Mr. Hazari instituted this action by filing a complaint against the County of Santa Clara on July 31, 2019, asserting eighteen claims for, inter alia, "EQUAL PROTECTION," FRAUD," and "VANDALISM." ECF No. 1 ¶¶ 276–93. In the complaint, Mr. Hazari alleged that the County and other Defendants carried out a conspiracy to deny him a residential building permit and, more broadly, to harass him. *Id.* ¶¶ 67–68.

After twice extending Mr. Hazari's deadline to serve Defendants, *see* ECF Nos. 8, 12, on February 25, 2020, the Court granted his administrative motion for disability accommodations and stayed proceedings for 90 days. ECF No. 16. The Court granted his second administrative motion for disability accommodations and extended the stay for an additional 90 days on June 10, 2020, *see* ECF No. 25, as well as his third, fourth, fifth, sixth, seventh, eighth, and ninth motions, each time extending the stay for 180 days, *see* ECF Nos. 30, 34, 45, 52, 58, 69, 73. On March 1, 2024,

1   the Court granted Mr. Hazari's tenth administrative motion for disability accommodations and
2   extended the stay for a year.  ECF No. 75.
3       On March 10, 2025, the Court denied Mr. Hazari's eleventh administrative motion,
4   explaining that Mr. Hazari's contention that his disability prevents him from prosecuting his case
5   is contradicted by his rapid, prolix filings in this case.  ECF No. 87 at 2; *see also* ECF No. 93
6   (order denying motion for reconsideration).  On April 14, 2025, the Court denied Mr. Hazari's
7   motion to disqualify the undersigned because the motion was "based on his disagreement with the
8   Court's order denying his request to stay the case."  ECF No. 98 at 3.  The Court dismissed the
9   complaint on July 1, 2025, for failure to state a claim:  In recognition of Mr. Hazari's medical
10  issues, the Court gave him ninety days to amend instead of the standard fourteen days.  ECF
11  No. 122 at 8.
12      Instead of filing an amended complaint, Mr. Hazari filed a motion for a preliminary
13  injunction.  ECF No. 127.  Defendants subsequently filed an administrative motion to dismiss the
14  case for failure to prosecute, see ECF No. 128, which the Court denied in recognition of
15  Mr. Hazari's pro se status.  ECF No. 129.  The Court extended the deadline to file an amended
16  complaint to November 4, 2025.  *Id.* at 2.  Mr. Hazari filed the present motion instead of an
17  amended complaint.

18  **II.     LEGAL STANDARD**

19      Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States
20  shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be
21  questioned."  Section 455(b) states that the judge "shall also disqualify [her]self . . . [w]here [she]
22  has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary
23  facts concerning the proceeding."  The same substantive standard applies to each subsection.  *See*
24  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  The Ninth Circuit has acknowledged
25  "that section 455(a) claims are fact driven, and as a result, the analysis of a particular
26  section 455(a) claim must be guided, not by comparison to similar situations addressed by prior
27  jurisprudence, but rather by an independent examination of the unique facts and circumstances of
28  the particular claim at issue."  *Clemens v. U.S. Dist. Ct. for Central Dist. of Cal.*, 428 F.3d 1175,

1178 (9th Cir. 2005) (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)). "[A] judge has 'as strong a duty to sit when there is no legitimate reason to recuse as [she] does to recuse when the law and facts require.'" *Id.* at 1179 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, No. 07-cv-00915-JW, 2007 WL 3165665, at *1 (N. D. Cal. Oct. 25, 2007).

A district court may, in the interest of justice, transfer any civil action "to any other district or division where it might have been brought" for the convenience of the parties and of the witnesses. 28 U.S.C. § 1404(a). To determine if a transfer of venue is appropriate under § 1404(a), courts apply a two-part test. First, courts consider whether the case could have been brought in the proposed transferee district. Second, if the case could have been brought in the transferee district, courts determine if the case should be moved to that forum for convenience of parties and witnesses [and] in the interest of justice. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985); *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 833 (N.D. Cal. 2018).

### III.  DISCUSSION

Mr. Hazari argues that disqualification is appropriate because the undersigned has "tortured the plaintiff, continued to coerce and intimidate his unaccommodated and unequalized [sic] participation despite considerable authorities and analysis which he provided to the record, appealing to her reason and condemning by inevitability of findings of law [sic], her unlawful and unethical conduct by repeated educational coverage of applicable law and precedents." Mot. at 2. In the Court's order denying Mr. Hazari's first motion to disqualify, the Court explained to Mr. Hazari that disagreement with the Court's ruling on a motion is not a ground for disqualification. ECF No. 98 at 3 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008)). Mr. Hazari further argues that the Court's orders granting his original complaint and denying his motion for a preliminary injunction were issued with "intent to cause the plaintiff serious pain and suffering." Mot. at 3, 7. This argument amounts to no more than disagreement with the Court's orders and again does not support disqualification. Because Mr. Hazari has failed to meet his burden to show that the undersigned is

biased or prejudiced, or that her impartiality might reasonably be questioned, disqualification is not appropriate.

Mr. Hazari also argues that these proceeding should be transferred to the U.S. District Court for the Northern District of New York, Mot. at 16, to promote "judicial efficiency by avoiding bias-related continuances and motion practice," *id.* at 10. Mr. Hazari has not established that this action could be brought in the Northern District of New York, or any other judicial district for that matter. Transfer of venue is thus inappropriate.

For the reasons described above, it is HEREBY ORDERED THAT the motion is DENIED. In the interest of allowing this case to go forward on the merits, the Court will again grant a limited period of time to file an amended complaint. Mr. Hazari SHALL file an amended complaint no later than fourteen days after the date of this order. Mr. Hazari is advised that the Court will not extend the deadline again absent a showing of good cause and that failure to file an amended pleading will result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: November 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4