UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYRUS HAZARI,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>        Defendants. | Case No. 5:19-cv-04392-BLF<br><br>**ORDER OF DISMISSAL**<br>[Re: ECF No. 132] |

Before the Court is Defendants' administrative motion to dismiss for failure to prosecute pursuant to Civil Local Rule 7-11. ECF No. 132 ("Mot."). For the reasons set forth below, the motion is GRANTED.

**I.     BACKGROUND**

Pro se Plaintiff Cyrus Hazari initiated this action by filing a complaint against the County of Santa Clara and other individual Defendants on July 31, 2019, alleging that Defendants carried out a conspiracy to deny him a residential building permit and more broadly to harass him personally. ECF No. 1 ¶¶ 67–68. For more than six years after filing the complaint, Mr. Hazari has repeatedly delayed prosecution of this action. Initially, Defendants did not object to lengthy and repeated stays, which the Court granted based on Mr. Hazari's medical condition. However, in 2025, Defendants did object to continued postponement of the case, and after weighing the Parties' positions, the Court denied a further stay. ECF No. 87.

The Court docket reflects that on October 21, 2019, Mr. Hazari requested a six-month extension of the deadline to serve Defendants due to his medical condition, even though he would not in any case be permitted to personally serve Defendants under Federal Rule of Civil Procedure 4(c)(2). *See* ECF No. 7. Out of consideration for his condition, the Court extended the

1  deadline from October 30, 2019, to December 30, 2019.  ECF No. 8.  On December 17, 2019, the
2  Court again extended the deadline to serve Defendants from December 30, 2019, to February 28,
3  2020, and referred Mr. Hazari to the Court's Disability Access and Accommodation Coordinator
4  and Federal Pro Se Program.  ECF No. 12.

5         On February 21, 2020, Mr. Hazari returned an executed summons, *see* ECF No. 15, and
6  filed a 405-page "Administrative Motion for Disability Accommodation," *see* ECF No. 14.
7  Acknowledging that he could not "cite law or precedent for this motion," Mr. Hazari requested
8  that the Court "apply the appropriate law and precedent as equitable accommodation [sic]."  *Id.*
9  at 2.  Because the motion was unopposed, the Court granted the motion and stayed the case for
10 90 days on February 25, 2020.  ECF No. 16.  Mr. Hazari then filed nine additional administrative
11 motions for disability accommodations, each time demanding that the Court continue the stay
12 without specifying any timeline for prosecution of the case.  *See* ECF Nos. 23, 27, 32, 37, 43, 48,
13 54, 62, 66, 71.  The Court granted each administrative motion, continuing the stay for more than
14 four-and-a-half years.  *See* ECF Nos. 16, 30, 34, 45, 62, 69, 73, 75.

15        On February 22, 2025, Mr. Hazari filed his eleventh administrative motion to extend the
16 stay.  ECF No. 76.  In the motion, Mr. Hazari stated that other state and federal courts had denied
17 similar administrative motions filed by him.  *Id.* at 2–3.  The Court ordered Defendants to indicate
18 whether they opposed the motion.  ECF No. 77.  On March 7, 2025, Defendants filed an opposing
19 brief, arguing that, "[a]s evidenced by Plaintiff's ongoing filings in both federal and [s]tate courts,
20 he does not lack the ability to prosecute this matter."  ECF No. 82.  Within just eight days,
21 Mr. Hazari filed two reply briefs that amounted to nearly 300 pages.  *See* ECF Nos. 79, 85.  Based
22 on Mr. Hazari's "rapid, prolix filings," the Court found that "the documented disabilities do not
23 impact Plaintiff's abilities to prosecute this case" and denied the administrative motion on
24 March 10, 2025.  ECF No. 87.

25        On March 23, 2025, Mr. Hazari filed a 62-page "Emergency Motion" to set aside the order
26 denying the administrative motion and re-instate the stay, in which he argued that the Court's
27 March 10, 2025, order "publicly declare[d] that [he] shall be tortured and murdered by [the
28 undersigned] and by this court, unless [he] abandon this lawsuit."  ECF No. 91.  Finding that

United States District Court
Northern District of California

2

Mr. Hazari "again demonstrated his capability of prosecuting this case through the rapid, prolix filings in recent days," the Court denied the motion on March 24, 2025. ECF No. 93. Mr. Hazari continued to do everything but prosecute this action, filing a 125-page motion to disqualify the undersigned, *see* ECF No. 99, appealing the Court's denial of the disqualification motion, *see* ECF No. 116, and declining to appear at the initial case management conference (which was scheduled as a video conference appearance), *see* ECF No. 108.

On July 1, 2025, the Court granted Defendants' motion to dismiss the complaint with leave to amend. ECF No. 122. The Court noted that "[n]ormally, [it] would provide 14 days to amend, but recognizing Plaintiff's medical issues, [it would provide] an extended period of" 90 days. *Id.* at 8–9. The Court further cautioned Mr. Hazari that failure to file an amended complaint by October 1, 2025, "will result in a dismissal of the deficient claims with prejudice." *Id.* Rather than file an amended complaint, Mr. Hazari filed a 44-page motion for a preliminary injunction on September 29, 2025. ECF No. 125.

On October 16, 2025, Defendants filed an administrative motion to dismiss the action for failure to prosecute. ECF No. 128. On October 21, 2025, the Court denied Defendants' administrative motion without prejudice to re-file if Mr. Hazari failed to file an amended complaint by November 4, 2025. ECF No. 129. Mr. Hazari again declined to file an amended complaint, instead filing a 22-page "motion to change venue" in which he renewed his request for disqualification of the undersigned on November 4, 2025. ECF No. 130. On November 6, 2025, the Court denied Mr. Hazari's motion. ECF No. 131. "In the interest of allowing this case to go forward on the merits," the Court again granted Mr. Hazari a 14-day extension to file an amended complaint. *Id.* at 4. The Court advised Mr. Hazari that "the Court will not extend the deadline again absent a showing of good cause." *Id.*

On November 6, 2025, Defendants filed the present administrative motion. The Court advised the Parties that if Mr. Hazari "fails to file a complaint complying with the local civil rules and the Court's Standing Order by November 20, 2025, as allowed by the Court [in its prior order], the Court will grant [the motion] and will instruct the Clerk to close this case." ECF No. 133. Mr. Hazari has once again declined to file an amended complaint. Rather, he has filed

3

two documents which collectively amount to 91 pages: (1) an "objection" to the Court's November 6, 2025, order, which the Court construes as a motion for reconsideration of its Order Denying his Change of Venue and Disqualification, and (2) a "response . . . to show cause," which the Court construes as an opposition to Defendants' administrative motion. *See* ECF No. 134 ("Recon. Mot"); ECF No. 135 ("Opp.").

The Court notes that Mr. Hazari has also filed a "request for judicial notice," in which he attached an "updated complaint that is the subject of a communication with Chief [Judge] . . . of the Ninth Circuit under preparation." ECF No. 138. The attachment contains some of the same allegations as the original complaint that he filed in this action but also names the undersigned (as well as most of the active judges of Court of Appeals for the Ninth Circuit) as a defendant. *See id.* at 13. From what the Court can gather, the filing appears to be a draft complaint to be filed in a separate action and not the amended complaint that was the subject of prior orders in this action, which specified the subject of amendment and limited addition of parties or claims without leave of the Court. *See* ECF No. 122 at 8.

## II.  LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). Furthermore, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The Northern District of California also has local rules governing motions for

reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

Federal Rule of Civil Procedure 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The text of Rule 41(b) refers to a defense motion for dismissal, however, the Rule also permits a court to sua sponte dismiss an action for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). A plaintiff's failure to take any action in response to a Court's prior dismissal with leave to amend under Rule 12(b)(6) is considered a failure to comply with a court order. *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

A dismissal pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir.2 010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 990.

### III. DISCUSSION

#### A. Reconsideration Motion

Mr. Hazari begins his Reconsideration Motion by representing that "[t]his statement is filed in compelled response to ECF-131 without accepting [the undersigned's] authority or jurisdiction, as she has been disqualified (ECF-97, 130) and enjoined (ECF-102, 103, 104, 125) by the plaintiff under principles, codes, laws and doctrines that she slanders but which are operative

and appropriately applied by the plaintiff." Recon. Mot. at 2. To the extent Mr. Hazari seeks to lodge a jurisdictional challenge, the undersigned has not been disqualified or recused—although Mr. Hazari has twice moved for disqualification, the Court denied both motions. *See* ECF Nos. 98, 131. Relatedly, Mr. Hazari's motions for injunctive relief—which would be enforceable against Defendants, not the Court—were also denied. *See* ECF Nos. 105, 129.

On the merits, Mr. Hazari raises a variety of vague, difficult-to-follow arguments. From what the Court can glean from the face of Mr. Hazari's brief (which "is generated through multiple trained AI," Recon. Mot. at 1 n.1), the Reconsideration Motion is based on two primary arguments. First, Mr. Hazari appears to argue that the Court's order directing him to prosecute this action by filing an amended complaint constitutes torture because of his medical disabilities. Second, Mr. Hazari suggests that, by virtue of making any ruling that is favorable to Defendants, the undersigned has demonstrated impermissible partiality to Defendants that warrants recusal. Neither of these arguments is persuasive, and, to the extent that either would constitute grounds for reconsideration, the Court concludes that Mr. Hazari has not presented a sufficient factual basis to support them.

Mr. Hazari first argues that the Court's orders have "deliberately coerced the plaintiff to produce information incessantly[] . . . without disability accommodation," such that "[c]ontinued proceeding under [the undersigned's] control therefore present a foreseeable, preventable risk of death." Recon. Mot. at 3. Mr. Hazari goes on to explain that torture is prohibited by principles of international law. *See, e.g.*, *id.* at 28–29. The problem with Mr. Hazari's argument is that it relies on the assumption that requiring him to prosecute this action—which he himself initiated against Defendants—constitutes torture. It does not. Courts have inherent authority to manage their dockets to ensure a fair and impartial forum for all parties that come before them. Thus, "[t]he authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted," with "roots in judgments of nonsuit and non prosequitur entered at common law." *Link*, 370 U.S. at 630; *see also Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Quite apart from the Court's inherent authority to manage its docket, Mr. Hazari's

6

argument is also belied by the record before the Court.  The Court has given Mr. Hazari every opportunity to comply with its orders so that this action could proceed to resolution on the merits.  Despite not being required to provide any accommodations for Mr. Hazari *at all*, the Court has repeatedly extended the deadline for Mr. Hazari to file an amended complaint.  *See* ECF No. 122 (providing 90 days to file amended complaint), ECF No. 129 (granting 14-day extension), ECF No. 131 (granting 14-day extension).  Rather than using that time to file an amended complaint, Mr. Hazari has instead elected to file hundreds of pages of unrelated briefing.  While the Court is sympathetic to Mr. Hazari's medical condition, it would be manifestly unfair to indefinitely subject Defendants to these proceedings, as Mr. Hazari apparently demands.  *See Fid. Philadelphia Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court.").

Mr. Hazari next argues that the Court's November 6, 2025, order "represents the most egregious violation of judicial independence in this case" by denying the disqualification motion "despite overwhelming evidence of systematic bias, torture, and constitutional violations."  Recon. Mot. at 37.  According to Mr. Hazari, any ruling by the Court in Defendants' favor is evidence of "[c]oordination with defendants and their attorneys, and other judges, in constitutional violations."  *Id.* at 38.  The argument is without merit.  That any judicial ruling will necessarily be in one party's favor is merely a consequence of our adversarial legal system.  The fact that Mr. Hazari disagrees with the Court's prior rulings is not evidence of judicial bias.  *See, e.g.*, *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984); *Villars v. Bondi*, No. 25-cv-04239-RS, 2025 WL 2597535, at *1 (N.D. Cal. Aug. 1, 2025).

### B. Administrative Motion to Dismiss

Mr. Hazari has repeatedly and without justification failed to comply with the Court's July 1, 2025, order to file an amended complaint.  The Court finds that Mr. Hazari's unjustified failure to file an amended complaint—especially considering his affirmative election to file voluminous, unrelated filings instead of complying with the Court's orders—qualifies as unreasonable delay.  *Marscellas v. Wells Fargo Bank, N.A.*, No. 13-cv-05806-BLF, 2016 WL

7

146107, at *2 (N.D. Cal. Jan. 13, 2016). In his Opposition Brief, Mr. Hazari raises many of the same arguments as his Reconsideration Motion, many of them irrelevant. *See*, *e.g.*, Opp. at 40 (accusing the undersigned of attempted murder). To the extent that Mr. Hazari argues that requiring him to comply with a court-imposed deadline is "coercive," he fails to factually substantiate the charge. *Id.* at 14.

Four of the five *Henderson* factors strongly favor dismissal. In connection with the first factor, Mr. Hazari's inaction has stalled the case for more than six years. Mr. Hazari not only failed to file an amended complaint within the allotted time but instead affirmatively chose to file unrelated briefs and motions, even after the Court extended his deadline three times. With respect to the second factor, Mr. Hazari's conduct has interfered with the Court's need to manage its docket because he has repeatedly ignored the Court's orders by not filing the amended complaint within the time allotted despite notice of imminent dismissal. As to the third factor, failure to dismiss this action would prejudice Defendants who are entitled to a resolution of Mr. Hazari's claims after demonstrating that those claims lack merit. The fourth factor—the public policy favoring disposition of cases on their merits—does not favor dismissing the action. Finally, as to the fifth factor, the Court sees little point to imposing less severe sanctions because Mr. Hazari has shown no interest in complying with this Court's orders or in prosecuting this action. The Court's notice to the Parties on November 6, 2025, expressly warned Mr. Hazari about the potential for imminent dismissal. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

**IV. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that this action is DISMISSED WITH PREJUDICE.

Dated: December 1, 2025

_____
BETH LABSON FREEMAN
United States District Judge