United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CYRUS HAZARI,

        Plaintiff,

     v.

COUNTY OF SANTA CLARA, et al.,

        Defendants.

Case No.  5:19-cv-04392-BLF

**ORDER DENYING MOTION FOR RECONSIDERATION**

[Re:  ECF No. 141]

After more than six years without any meaningful developments in this pro se action, the Court dismissed plaintiff Cyrus Hazari's complaint for failure to prosecute.  ECF No. 139 ("Order").  Prior to the entry of judgment, Mr. Hazari moved for reconsideration of the order.  ECF No. 141 ("Mot."); ECF No. 145 ("Reply").  Defendants oppose the motion.  ECF No. 143 ("Opp.").

Mr. Hazari filed the complaint on July 31, 2019.  ECF No. 1.  For more than six years after filing the complaint, Mr. Hazari repeatedly delayed prosecution of this action by requesting lengthy and repeated stays based on his illness.  *See* ECF Nos. 23, 27, 32, 37, 43, 48, 54, 62, 66, 71.  The Court granted these stay requests, which were unopposed.  S*ee* ECF Nos. 16, 30, 34, 45, 62, 69, 73, 75.  After Defendants finally objected, the Court denied a further stay.  ECF No. 87.  Mr. Hazari moved for reconsideration, arguing that the denial of the stay "publicly declare[d] that [he] shall be tortured and murdered by [the undersigned] and by this court, unless [he] abandon this lawsuit."  ECF No. 91.  The Court denied the motion.  ECF No. 93.  On July 1, 2025, the Court granted Defendants' motion to dismiss the complaint with leave to amend, noting that "[n]ormally, [it] would provide 14 days to amend, but recognizing [Mr. Hazari's] medical issues," provided an extended period of 90 days.  ECF No. 122 at 8–9.  The Court further cautioned

Mr. Hazari that failure to file an amended would result in dismissal. *See id.* Rather than file an amended complaint, Mr. Hazari requested a preliminary injunction. ECF No. 125. Defendants filed an administrative motion to dismiss the action for failure to prosecute, *see* ECF No. 128, which the Court denied without prejudice to re-file if Mr. Hazari failed to file an amended complaint by November 4, 2025, *see* ECF No. 129. Mr. Hazari again declined to file an amended complaint, instead moving for disqualification. ECF No. 130. The Court denied the motion, granting Mr. Hazari an additional 14-day extension to file an amended complaint "[i]n the interest of allowing this case to go forward on the merits" and advising Mr. Hazari that no further extensions would be granted. ECF No. 129 at 4. After Defendants renewed the administrative motion to dismiss for failure to prosecute, the Court advised the Parties that it would grant the motion if Mr. Hazari failed to file an amended complaint. Instead of filing an amended complaint, Mr. Hazari moved for reconsideration of the Court's order denying disqualification, *see* ECF No. 134, after which the Court dismissed the action for failure to prosecute.

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted). The Northern District of California also has local rules governing motions for reconsideration. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

Mr. Hazari fails to raise any cognizable grounds for reconsideration, instead renewing his allegation that the Court has engaged in "systemic judicial human rights violations" and demanding that the Court transfer this action to a district court outside of the Ninth Circuit. Mot. at 3, 6. These arguments not only do not state any reason for reconsideration but have also previously been raised by Mr. Hazari in moving for disqualification and opposing dismissal. *See* ECF Nos. 130, 134.

Mr. Hazari having failed to raise grounds for reconsideration, the motion is DENIED.

Judgment of dismissal will be entered.

**IT IS SO ORDERED.**

Dated:  January 23, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California